UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR 98-749 (CAS) | | Date | August 22, 2008 |
|---|---|---|---|---|
| Present: The Honorable | Christina A. Snyder, U.S. District Judge | | | |
| Interpreter | N/A | | | |

| Catherine Jeang | Not Present | Lisabeth Rhodes, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant: | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Richard Wayne Parker, Pro Se | Not | | | | X | | |

Proceedings:  **(IN CHAMBERS:)**

**DEFENDANT'S MOTION FOR RELIEF FROM THE JUDGMENT/ CONVICTION BASED ON "ACTUAL INNOCENCE"** (filed 11/09/07)

**DEFENDANT'S REQUEST FOR TEMPORARY STAY ON COLLECTION OF FINE** (filed 11/09/07)

**DEFENDANT'S REQUEST FOR RECONSIDERATION OF DENIAL OF DISCOVERY REQUEST** (filed 12/06/07)

### I.    INTRODUCTION AND BACKGROUND

On July 2, 1998, defendant Richard Wayne Parker, a California Bureau of Narcotics Enforcement ("BNE") Special Agent, was arrested in connection with a narcotics investigation after having received $47,000 in proceeds from suspected trafficking of drugs stolen from the Riverside BNE evidence vault. On August 7, 1998, defendant was charged in a five-count indictment which included multiple counts of conspiracy and possession with intent to distribute cocaine. On December 17, 1998, an eight-count second superseding indictment was returned, charging defendant with: one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846; five counts of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); one count of subscribing to a false tax return, in violation of 26 U.S.C. § 7206; and one count of money laundering, in violation of 18 U.S.C. § 1957. A third superseding indictment charging the same conduct but with some minor changes was thereafter filed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

On April 20, 1999, the trial commenced before this Court. On June 25, 1999, the jury returned its verdict finding defendant guilty of count seven of the third superceding indictment ("TSI"), subscribing to a false tax return in violation of 26 U.S.C. § 7206, and acquitting him counts five and six of the TSI, possession with intent to distribute cocaine, and count eight of the TSI, the money laundering charge. Because the jury was unable to reach a verdict on the conspiracy count and three counts charging possession with intent to distribute cocaine, the Court declared a mistrial on those counts and ordered a retrial.

The retrial commenced on October 6, 1999, and defendant was convicted on each of the remaining four counts of the third superceding indictment on October 21, 1999. On January 19, 2000, defendant was sentenced to life imprisonment, five years supervised release, a $16 million fine and a $500 special assessment.

Defendant appealed the conviction on July 11, 2001. The Ninth Circuit affirmed the conviction on August 1, 2001. On September 9, 2002, defendant moved to reduce or vacate his sentence pursuant to 28 U.S.C. § 2255. This Court denied defendant's motion on October 22, 2003, and the Ninth Circuit Court of Appeals denied defendant's appeal. United States v. Parker, Case No. 02-5039967, 2003 WL 21378591, at *1 (9th Cir. June 11, 2003).

On January 14, 2003, defendant filed a motion for a new trial based on purportedly newly discovered evidence pursuant to Fed. R. Civ. P. 22. Defendant argued that an Anaheim Police Department ("APD") report demonstrated that markings on certain kilograms stolen from the Riverside BNE, which linked those kilograms to defendant, were fabricated by the government. This Court denied the motion on March 11, 2005, and the Ninth Circuit Court of Appeals affirmed on March 10, 2006. United States v. Parker, Case No. 05-50254, 2006 WL 584409, at *1 (9th Cir. Mar. 10, 2006).

On January 18, 2006, defendant filed a motion for relief from the judgment pursuant to Fed. R. Civ. 60(b). Defendant argued that the government perpetrated a fraud upon the Court by using false and fabricated evidence to link defendant to the cocaine originally seized by the APD. Specifically, defendant set forth evidence of narcotics destruction manifests from the City of Long Beach, which indicated that 607 kilograms of the cocaine seized by the APD in 1994 was destroyed by the City of Long Beach in 1999. The Court concluded that the destruction manifests amounted to impeachment evidence, and did not warrant a new trial because there was other substantial evidence linking defendant to the kilograms seized by the APD in 1994, and otherwise tying defendant to the 295 stolen kilograms. The Court further concluded that defendants fraud theory was an improper successive collateral challenge to the legality of his custody. Accordingly, by order dated March 22, 2007, the Court denied defendant's motion. The Court declined to issue a certificate of appealability ("COA") on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

grounds that defendant had not shown the denial of a constitutional right. Defendant then requested a COA from the Ninth Circuit, which was denied. United States v. Richard Wayne Parker, Case No. 07-55619 (9th Cir. Nov. 7, 2007).

On July 30, 2007, defendant filed a motion for post-conviction discovery. On September 11, 2007, moved this Court to remove Assistant United States Attorney Lizabeth Rhodes as government counsel in this case. By orders dated October 25, 2007, the Court denied defendant's motions. Defendant appealed, and the Ninth Circuit affirmed. United States v. Parker, 270 Fed. Appx. 555 (9th Cir. March 10, 2008). The Ninth Circuit also denied all other pending motions as moot. Id.

On July 25, 2007, defendant filed a motion entitled, "Relief From the Judgment/Conviction Based on 'Actual Innocence'" ("actual innocence motion"). On September 4, 2007, the government filed an opposition, which addressed, among other things, the issues raised in defendant's actual innocence motion. On September, 21, 2007, defendant filed reply thereto. The government then filed an opposition to defendant's July 25, 2007 actual innocence motion on December 3, 2007. However, the document the government e-filed was incomplete, and the Court therefore requested that the government re-file its opposition. On December 24, 2007, defendant, who was apparently properly served with the government's opposition, filed his reply thereto. Pursuant to this Court's request, on January 16, 2008, the government re-filed its opposition, and re-served defendant on or about February 11, 2008.

On November 9, 2007, defendant also filed an application to temporarily stay collection of fines. On December 3, 2007, the government filed its opposition to defendant's application.

On December 6, 2007, defendant filed a motion for reconsideration of this Court's order denying his request for further discovery. The government filed its opposition thereto on March 18, 2008. Defendant filed his reply on March 25, 2008.

After carefully considering the parties' arguments, the Court finds and concludes as follows.

## II. DISCUSSION

### A. "ACTUAL INNOCENCE" MOTION

Defendant's claim of actual innocence is based on two factual predicates. First, defendant alleges that the 607 kilograms seized by the APD in 1994 was never transferred to the Riverside BNE, but instead, was destroyed by the City of Long Beach in 1999. Defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

argues that therefore, the APD evidence vault could not be the source of any of the kilograms purportedly stolen from the Riverside BNE. Second, defendant alleges that the APD evidence vault could not have been the source of the cocaine recovered from Hensel. This allegation is based on the comparative purity of the cocaine recovered from Hansel and that recovered from the APD evidence vault. Defendant maintains that much of this purportedly new evidence, allegedly material to his showing of actual innocence, was concealed by the government in violation of Brady v. Maryland, 373 U.S. 83 (1963). Based on the foregoing, defendant appears to argue that his conviction should be reversed or, alternatively, an evidentiary held, because this new evidence supports a claim of actual innocence.

As stated supra, defendant appealed after this Court declined to issue a COA. In his application to the Ninth Circuit, defendant sought certification of three issues: (1) whether defendant was entitled to the results of certain government drug tests and grand jury testimony transcripts; (2) whether the Assistant United States Attorney should be removed from the case; and (3) whether defendant was entitled to an evidentiary hearing to further develop his claim of "actual innocence." See Gov't Opp'n to Actual Innocence Mot., Ex. C (defendant's June 4, 2007 application for a COA). The Ninth Circuit denied defendant's request for a COA on the grounds that defendant had not made a substantial showing of the denial of a constitutional right. United States v. Richard Wayne Parker, Case No. 07-55619 (9th Cir. Nov. 7, 2007) (citing 28 U.S.C. § 2253(c)(2)). Further, on March 8, 2008, the Ninth Circuit also denied all pending motions moot. United States v. Parker, 270 Fed. Appx. 555 (9th Cir. March 10, 2008). Based on the Ninth Circuit's decisions, it therefore appears that defendant's motion is moot.

Alternatively, in the event that the Ninth Circuit's decisions do not render the present motion moot, the Court finds that defendant has failed to allege facts to support a plausible actual innocence claim. See Boone v. Jones, 2007 U.S. Dist. LEXIS 41624, at *11 (D. Idaho June 7, 2007) ("Petitioner must make a colorable showing of factual innocence.") (quoting Herrera v. Collins, 506 U.S. 390, 404 (1993)); see also Phillips v. Woodford, 267 F.3d 966, 973 (9th Cir. 2001).

To the extent that defendant seeks to challenge his conviction and sentence under Schlup v. Delo, 513 U.S. 298 (1995), based on an alleged constitutional violation, a motion under 28 U.S.C. § 2255 would be the proper vehicle for doing so. Therefore, the Court deems the instant motion as arising under 28 U.S.C. § 2255. A habeas petitioner may establish a procedural "gateway" permitting a court to review defaulted claims or otherwise barred successive habeas

petitions if he or she can demonstrate "actual innocence." Schlup v. Delo, 513 U.S. at 315.[1] To pass through this gateway, the petitioner must demonstrate that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Id. at 327. "To be credible, [] a [gateway] claim requires [a] petitioner to support his [or her] allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." Id. at 324. In confronting an actual innocence claim, the court must consider "all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." Id. at 328 (citation omitted). "A petitioner need not show that he is 'actually innocent' of the crime he was convicted of committing; instead, he must show that 'a court cannot have confidence in the outcome of the trial.'" Majoy v. Roe, 296 F.3d 770, 776 (9th Cir. 2002) (quoting Schlup, 513 U.S. at 316 and Carriger v. Stewart, 132 F.3d 463, 478 (9th Cir. 1997) (en banc)).

If the petitioner can make a showing of a plausible actual innocence claim, the petitioner may be entitled to an evidentiary hearing. Majoy, 296 F.3d at 776-77. A petitioner may be entitled to an evidentiary hearing if he or she can "show some degree of due diligence in his [or her] initial factual," and also that an evidentiary hearing might produce reliable or probative evidence that would entitled him or her to relief. Gandarela v. Johnson, 286 F.3d 1080, 1087 (9th Cir. 2001); see also Williams v. Woodford, 384 F.3d 567, 586 (9th Cir. 2002).

As this Court has stated in its previous orders, even without evidence that the APD transferred 420 kilograms to the Riverside BNE, there was other substantial evidence linking defendant to the kilograms seized by the APD in 1994, and otherwise tying defendant to the 295 kilograms stolen from the Riverside BNE.[2] See Court's March 22, 2007 Order. As such, even

---

[1] [A] claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Herrera v. Collins, 506 U.S. 390, 404 (1993).

[2] This Court based defendant's sentence on a finding that defendant's offense involved more than 150 kilograms of cocaine (approximately 300 kilograms). Of the 295 kilograms of cocaine that was stolen from Riverside BNE, approximately 138 kilograms were alleged to have originated from the APD. It is only this 138 kilograms that is the subject of the instant motion. Defendant's motion does not address the other 157 kilograms of cocaine underlying his conviction and sentence, except to argue that the alleged government misconduct casts doubt on the entirety of the government's case. Therefore, even if arguendo, defendant can prove that the APD never transferred any cocaine to Riverside, defendant's conviction and sentence would

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

if defendant could prove that the purportedly new evidence was true, he nonetheless could not make out a valid claim of actual innocence, i.e., he will not be able to raise serious doubt about the propriety of his conviction. Carriger v. Stewart, 132 F.3d 463, 476 (9th Cir.1997); Herrera v. Collins, 506 U.S. 390, 417-19 (1993); See Bousley v. United States, 523 U.S. 614, 623-24 (1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.") (citing Sawyer v. Whitley, 505 U.S. 333, 339 (1992)). Therefore, defendant is not entitled to an evidentiary hearing on this matter.

### B.   MOTION FOR RECONSIDERATION

Defendant also seeks to have this Court reconsider its prior order denying his request for post-conviction discovery. According to defendant, the Court committed legal error by concluding that all appeals and collateral attacks had been finally decided because his actual innocence motion is currently pending. Further, defendant argues that the Court incorrectly concluded that he possessed the reports at issue in his motion for further discovery. Because the Ninth Circuit affirmed the Court's denial of defendant's request for discovery, and because the Court finds herein that defendant cannot state a colorable actual innocence claim, the Court denies defendant's motion for further discovery as moot.

### C.   REQUEST FOR A TEMPORARY STAY

Defendant also requests a temporary stay on the collection of his fine stating that he needs the money for the purpose of pursing an actual innocence claim. In light of the Ninth Circuit's decision in United States v. Parker, 270 Fed. Appx. 555 (9th Cir. March 8, 2008), and the Court's ruling herein, the Court denies defendant's request as moot.

### III.   CONCLUSION

In accordance with the foregoing, the Court hereby DENIES defendant's motions for relief from the judgment/conviction based on actual innocence, reconsideration, and for a temporary stay on the collection of fines.

IT IS SO ORDERED.

|  00  :  00  |
|---|
| Deputy Clerk: CMJ |

---

stand.