○

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. CR 98-749 (CAS) |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT'S |
| | ) | REQUEST FOR CORRECTIVE |
| | ) | ACTION |
| vs. | ) | |
| | ) | |
| RICHARD WAYNE PARKER | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| _____ | ) | |

**I.   INTRODUCTION AND BACKGROUND**

On July 2, 1998, defendant Richard Wayne Parker, a California Bureau of

Narcotics Enforcement ("BNE") Special Agent, was arrested in connection with a

narcotics investigation after having received $47,000 in proceeds from suspected

trafficking of drugs stolen from the Riverside BNE evidence vault.  On August 7, 1998,

defendant was charged in a five-count indictment which included multiple counts of

conspiracy and possession with intent to distribute cocaine.  On December 17, 1998, an

eight-count second superseding indictment was returned, charging defendant with: one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846; five counts of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); one count of subscribing to a false tax return, in violation of 26 U.S.C. § 7206; and one count of money laundering, in violation of 18 U.S.C. § 1957. A third superseding indictment charging the same conduct but with some minor changes was thereafter filed.

On April 20, 1999, the trial commenced before this Court. On June 25, 1999, the jury returned its verdict finding defendant guilty of count seven of the third superceding indictment ("TSI"), subscribing to a false tax return in violation of 26 U.S.C. § 7206, and acquitting him of counts five and six of the TSI, possession with intent to distribute cocaine, and count eight of the TSI, the money laundering charge. Because the jury was unable to reach a verdict on the conspiracy count and three counts charging possession with intent to distribute cocaine, the Court declared a mistrial on those counts and ordered a retrial.

The retrial commenced on October 6, 1999, and defendant was convicted on each of the remaining four counts of the third superceding indictment on October 21, 1999. On January 19, 2000, defendant was sentenced to life imprisonment, five years supervised release, a $16 million fine, and a $500 special assessment.

Defendant appealed the conviction on July 11, 2001. The Ninth Circuit affirmed the conviction on August 1, 2001. On September 9, 2002, defendant moved to reduce or vacate his sentence pursuant to 28 U.S.C. § 2255. This Court denied defendant's motion on October 22, 2003, and the Ninth Circuit Court of Appeals denied defendant's appeal. United States v. Parker, Case No. 02-5039967, 2003 WL 21378591, at *1 (9th Cir. June 11, 2003).

On January 14, 2003, defendant filed a motion for a new trial based on purportedly newly discovered evidence pursuant to Fed. R. Civ. P. 22. Defendant

argued that an Anaheim Police Department ("APD") report demonstrated that markings on certain kilograms stolen from the Riverside BNE, which linked those kilograms to defendant, were fabricated by the government. This Court denied the motion on March 11, 2005, and the Ninth Circuit Court of Appeals affirmed on March 10, 2006. United States v. Parker, Case No. 05-50254, 2006 WL 584409, at *1 (9th Cir. Mar. 10, 2006).

On January 18, 2006, defendant filed a motion for relief from the judgment pursuant to Fed. R. Civ. 60(b). Defendant argued that the government perpetrated a fraud upon the Court by using false and fabricated evidence to link defendant to the cocaine originally seized by the APD. Specifically, defendant set forth evidence of narcotics destruction manifests from the City of Long Beach, which indicated that 607 kilograms of the cocaine seized by the APD in 1994 was destroyed by the City of Long Beach in 1999. The Court concluded that the destruction manifests amounted to impeachment evidence, and did not warrant a new trial because there was other substantial evidence linking defendant to the kilograms seized by the APD in 1994, and otherwise tying defendant to the 295 stolen kilograms. The Court further concluded that defendant's fraud theory was an improper successive collateral challenge to the legality of his custody. Accordingly, by order dated March 22, 2007, the Court denied defendant's motion. The Court declined to issue a certificate of appealability ("COA") on the grounds that defendant had not shown the denial of a constitutional right. Defendant then requested a COA from the Ninth Circuit, which was denied. United States v. Richard Wayne Parker, Case No. 07-55619 (9th Cir. Nov. 7, 2007).

On July 30, 2007, defendant filed a motion for post-conviction discovery. On September 11, 2007, defendant moved this Court to remove Assistant United States Attorney Lizabeth Rhodes ("AUSA Rhodes") as government counsel in this case. By orders dated October 25, 2007, the Court denied defendant's motions. Defendant appealed, and the Ninth Circuit affirmed. United States v. Parker, 270 Fed. Appx. 555 (9th Cir. March 10, 2008). The Ninth Circuit also denied all other pending motions as

moot.  Id.

On July 25, 2007, defendant filed a motion entitled, "Relief From the Judgment/ Conviction Based on 'Actual Innocence.'" Defendant argued that the 607 kilograms seized by the APD in 1994, were never transferred to the Riverside BNE, and that, therefore, the APD evidence vault could not have been the source of any of the kilograms purportedly stolen from the Riverside BNE.  Defendant also alleged that the APD evidence vault could not have been the source of the cocaine recovered from Gerhard Hensel ("Hensel"), based on the comparative purity of the cocaine recovered from co-defendant Hensel and that recovered from the APD evidence vault.  Defendant alleged that much of this purportedly new evidence was concealed by the government in violation of Brady v. Maryland, 373 U.S. 83 (1963).  On August 22, 2008, the Court issued an order determining that defendant's motion was moot in light of the Ninth Circuit decisions finding that the defendant had not made a substantial showing of the denial of a constitutional right and denying defendant's pending motions.  Furthermore, the Court found that defendant had failed to allege facts to support a plausible actual innocence claim.

In its August 22, 2008 order, the Court also denied defendant's motion for reconsideration of the Court's prior order denying defendant's request for post-conviction discovery, and denied as moot defendant's request for a temporary stay on the collection of his fine.

On November 4, 2008, defendant filed a request for corrective action citing prosecutorial misconduct.  After carefully considering the arguments set forth by defendant, the Court finds and concludes as follows.

II.     DISCUSSION

Defendant argues that in various prior motions filed with the Court, he has set forth evidence of prosecutorial misconduct and Brady violations.  Mot. at 2.  Defendant states that he believes that his failure to obtain relief based on these motions resulted

from his failure to present his allegations in the form of a sworn affidavit.  Mot. at 2.

Defendant submits an affidavit, and argues that, based on the allegations contained

therein, he is entitled to an evidentiary hearing and an investigation by the Department

of Justice, Office of the Inspector General.  Mot at 9.

In his affidavit, defendant alleges that he has submitted evidence with his prior

motions which demonstrates that the 607 kilograms of narcotics seized by the APD in

1994 were never transferred to Riverside BNE in March 1997 and were instead

destroyed by the City of Long Beach in 1999.[1]  Mot. at 6.  Defendant further alleges

that he has submitted evidence indicating that the FBI in Los Angeles made a written

request to compare the kilograms of narcotics in the instant action to those recovered

from Hensel through use of chromatographic impurity signature profile analysis

(CISPA), and that the government committed prosecutorial misconduct when it

concealed the CISPA test results.  Mot. at 8.

As defendant himself notes, these allegations have previously been raised in

motions before the Court, and have been rejected.  Mot. at 8.  Defendant's contention

that the Court's prior decisions were based on defendant's failure to present his

allegations in the proper format is incorrect.  See Mot. at 2.  The Court has fully

considered defendant's arguments and has determined that a grant of relief is not

warranted.  Therefore, the Court finds defendant's instant request to be in the nature of

a motion for reconsideration, and declines to reconsider its earlier orders.

In his motion, defendant also alleges  that on July 20, 2000, he was served with a

sealed court order for color photographs of his alleged "inculpatory tattoos."  Mot. at 3.

Defendant alleges that when California Department of Justice Special Agent Robert

Aguirre ("Agent Aguirre"), the agent who served the order, saw that defendant did not

have any tattoos, Agent Aguirre became upset and left the facility without taking

---

[1] In his affidavit, defendant refers to "604" kilograms of narcotics, rather than "607".

5

photographs. Mot. at 3. Defendant alleges that he subsequently obtained the affidavit given by AUSA Rhodes in support of the request for the sealed court order, dated July 7, 2000. Mot. at 3-4. Defendant alleges that AUSA Rhodes' affidavit stated that defendant had several "inculpatory tattoos," which had been noticed by the "arresting agent." Mot. at 4. Defendant further alleges that AUSA Rhodes submitted as an exhibit to her affidavit an FBI Fingerprint Card describing defendant's alleged tattoos. Mot. at 4. Defendant alleges that, in 2000, he in fact had no tattoos. Mot. at 4. Defendant alleges that AUSA Rhodes committed perjury by stating that an "arresting agent" had seen defendant's tattoos, and that such perjury was compounded by AUSA Rhodes' failure to identify the arresting agent. Mot. at 4. Defendant argues that an investigation or an evidentiary hearing is required to determine if the arresting agent created the allegedly false FBI document on his own initiative or if he was instructed to do so by AUSA Rhodes. Mot. at 4.

The Court determines that defendant has failed to demonstrate that an evidentiary hearing is warranted. A petitioner may be entitled to an evidentiary hearing if he or she can "show some degree of due diligence in his [or her] initial factual development," and also that an evidentiary hearing might produce reliable or probative evidence that would entitle him or her to relief. Gandarela v. Johnson, 286 F.3d 1080, 1087 (9th Cir. 2001); see also Williams v. Woodford, 384 F.3d 567, 586 (9th Cir. 2002). Here, defendant has failed to show that an evidentiary hearing regarding AUSA Rhodes' affidavit might produce evidence entitling him to relief. See id. Defendant's identity and the presence or absence of tattoos were not at issue in defendant's trial. Furthermore, as the Court has stated in its prior order, the evidence presented against defendant at trial was overwhelming, and included testimony from numerous witnesses, drug ledgers found in defendant's possession detailing narcotics sales, and evidence that duffel bags in defendant's possession contained trace amounts of cocaine.

## III.   CONCLUSION

1    For the foregoing reasons, the Court DENIES defendant's request for corrective

2  action.

3    IT IS SO ORDERED.

4

5

6  Dated: December 12, 2008

7                                    CHRISTINA A. SNYDER
                                     UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28